UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MONICA GONZALEZ,

                                    Plaintiff,

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER SEAN
R. SPENCER, shield # 4482, POLICE OFFICER
CARLOS VIERA, shield # 6037,

                                    Defendants.

**FIRST AMENDED COMPLAINT**

08 CV 2699 (JBW) (CLP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 and New York state law alleging misconduct by the City of New York and two individuals employed by the New York City Police Department ("NYPD").  Plaintiff alleges that, on November 18, 2007, two NYPD officers subjected her to false arrest, excessive force, assault, battery, false evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and New York state law.   Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her state law claims.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**PARTIES**

5. Plaintiff is a resident of the State of New York. Plaintiff's first and only arrest was on November 18, 2007.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Sean R. Spencer is a member of the NYPD who was involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. Spencer was acting under color state law and in his capacity as a New York City Police Officer at all relevant times herein. Spencer is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from the unlawful conduct of Officer Carlos Viera. Spencer is sued in his individual capacity.

8. Police Officer Carlos Viera is a member of the NYPD who was involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. Viera was acting under color state law and in his capacity as a New York City Police Officer at all relevant times herein. Viera is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from the unlawful conduct of Officer Sean R. Spencer. Viera is sued in his individual capacity.

**STATEMENT OF FACTS**

9. On November 18, 2007, plaintiff suffered an asthma attack.

10. Plaintiff took medicine in an attempt to stop the attack, but the medication had little effect.

11. Plaintiff decided to go to Lutheran Hospital, which is located a few blocks from her home.

12. While plaintiff was walking on Third Avenue between 53rd and 54th Streets, Officers Sean R. Spencer and Carlos Viera seized plaintiff.

13. The officers had no justification for seizing plaintiff because she had not committed a crime and was not engaged in suspicious activity.

14. Upon seizing plaintiff, Officer Viera searched plaintiff without legal cause.

15. Plaintiff asked for a female officer to conduct the search, but the officers refused plaintiff's request.

16. No illegal items were found on plaintiff's person.

17. Although plaintiff had not committed a crime, the two officers, acting in concert, handcuffed plaintiff unreasonably tight and formally placed plaintiff under arrest.

18. Plaintiff asked the officers to loosen the excessively tight cuffs, but the officers refused the request.

19. The officers put plaintiff in a police vehicle and transported her to the 72nd Precinct.

20. While plaintiff was confined in the 72nd Precinct, Officer Spencer, in furtherance of a conspiracy with Officer Viera, prepared police reports which falsely stated that plaintiff had been loitering for the purpose of prostitution, that plaintiff had been arrested previously for this offense, and that a condom was found on plaintiff's person.

21. Because plaintiff was still suffering from an asthma attack, an ambulance arrived at the 72nd Precinct and took plaintiff, in shackles, to Lutheran Hospital.

22. Plaintiff received medical treatment at Lutheran Hospital.

23. After plaintiff was released from the hospital, plaintiff was taken to and confined in Red Hook Community Court.

24. While plaintiff was confined, awaiting arraignment, Officer Spencer, in furtherance of a conspiracy with Officer Viera, misrepresented to a prosecutor that plaintiff had been loitering for the purpose of prostitution, that plaintiff had been arrested previously for this offense, and that a condom was found on plaintiff's person.

25. The aforesaid misrepresentations resulted in a false charge of loitering for the purpose of prostitution being filed against plaintiff.

26. On November 19, 2008, plaintiff was arraigned in Red Hook Community Court.

27. The presiding judge released plaintiff on her own recognizance and directed her to return to court on a specific date.

28. After being released from custody, plaintiff retained criminal defense attorney Leon Schrage and paid a fee of $1,500.

29. Plaintiff had to appear in court several times after her arraignment.

30. On May 29, 2008, the District Attorney's Office, after learning that Officer Spencer falsely stated in police reports and to prosecutors that he had arrested plaintiff in the past at least once for a prostitution-related offense, dismissed the criminal charge filed against plaintiff.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, injury, a loss of liberty, financial loss of $1,500, and damage to reputation.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICERS SEAN R. SPENCER AND CARLOS VIERA

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33. The conduct of Police Officers Sean R. Spencer and Carlos Viera, as described herein, amounted to false arrest, excessive force, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICERS SEAN R. SPENCER AND CARLOS VIERA

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35. The conduct of Police Officers Sean R. Spencer and Carlos Viera, as described herein, amounted to false arrest, assault, battery, and malicious prosecution in violation of New York state law.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. The City of New York directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the officers sued in this case are unfit officers who have the

5

propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

39. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIM AGAINST THE CITY OF NEW YORK**

40. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39 as if fully set forth herein.

41. A notice of claim was duly filed on the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim of malicious prosecution.

42. Because Officers Sean R. Spencer and Carlos Viera were acting within the scope of their employment as members of the NYPD at all relevant times, the City of New York is vicariously liable under state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

        d.      Such other and further relief as this Court may deem just and proper.

DATED:     December 4, 2008
                 Brooklyn, New York

                                              CARDINALE & MARINELLI
                                              26 Court Street, Suite 1815
                                              Brooklyn, New York 11242
                                              (718) 624-9391

                                              By:

                                              /s/
                                              _____
                                              RICHARD J. CARDINALE