UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONICA GONZALEZ,

                Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**

08 CV 2699 (JBW)

Plaintiff Monica Gonzalez commenced this action on July 7, 2008, against the City of New York and police officers Sean R. Spencer and Carlos Viera, alleging, among other things, false arrest and malicious prosecution in violation of 42 U.S.C. § 1983.

On June 12, 2009, plaintiff moved to compel production of a report issued by the Internal Affairs Bureau of the New York Police Department ("IAB") and the file assembled by the IAB during its investigation, which defendants had produced in redacted form to protect certain information from disclosure under the work product doctrine. In response to this Court's Order, the unredacted documents were produced for *in camera* review on June 29, 2009. As explained below, plaintiff's motion is granted.

## FACTUAL BACKGROUND

On or about November 8, 2007, plaintiff was arrested by defendants Spencer and Viera and charged with one count of Loitering for the Purposes of Engaging in a Prostitution Offense. (Defs.' Ltr.[1] at 1). Officer Spencer signed a sworn statement supporting the criminal complaint

---

[1] Citations to "Defs.' Ltr." refer to the letter submitted by the City and Officer Viera in opposition to plaintiff's motion, dated June 19, 2009. Officer Spencer is represented by separate

which represented that he had previously arrested plaintiff for prostitution-related offenses; this statement was false. (Id.; Compl.[2] ¶ 30). The criminal charges were subsequently dismissed, and the IAB initiated an investigation to review the circumstances surrounding the arrest, ultimately bringing disciplinary charges against Officer Spencer for making a false statement during his deposition. (Defs.' Ltr. at 1-2; Compl. ¶ 30). The criminal charges filed against plaintiff were dismissed on May 29, 2008. (Compl. ¶ 30).

Plaintiff initiated this lawsuit on July 7, 2008, and as part of discovery, the plaintiff requested production of the IAB's file concerning this incident. The Office of Corporation Counsel, representing the City and Officer Viera (collectively, "the City"), produced the file but redacted several items in it. In a cover letter to the other parties, the City described the redactions as follows: "On pages NYC Confidential 83, 84, 123, 128, 133, 144-46, 269, 278, and 282, the Assistant District Attorney's closing memos, notes and commentary based on same are redacted on the grounds of the attorney work-product privilege." (Defs.' Ltr. Ex. C). No further explanation was provided.[3]

---

counsel in this action, and he joins in plaintiff's request for the production of the unredacted IAB files. See letter dated June 17, 2009 ("Spencer Ltr.").

[2]Citations to "Compl." refer to the First Amended Complaint filed by plaintiff on December 4, 2008.

[3]The Court notes that defendants bear the burden of demonstrating the applicability of the doctrine here. As plaintiff correctly points out, defendants' letter motion falls short of the requirements set out in King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988), where the court held that in the context of protecting from disclosure law enforcement records relevant to a federal civil rights case, the defendant must make a "substantial threshold showing" that specific harms will occur if the information is disclosed, before the court should order *in camera* review of the documents. Id. at 189. Among other things, the court in King set out a procedure in which the defendant is required to submit an affidavit from a responsible official of the relevant law enforcement agency specifying the harms expected from disclosure. Id. The Court notes that

By letter dated June 12, 2009 ("Pl.'s Ltr."), plaintiff moved to compel production of the unredacted report. On June 15, 2009, plaintiff submitted a supplemental letter providing additional case law in support of its motion, and by letter dated June 17, 2009, defendant Spencer, who is represented by separate counsel, joined in plaintiff's motion. At a status conference on June 23, 2009, the Court directed the City to produce the unredacted file for *in camera* review.

The redactions pertain primarily to a closing memorandum dated May 29, 2008, that was prepared by the assistant district attorney ("ADA") who was assigned to prosecute the criminal case against plaintiff and describes the reasons for dismissing the charges. In addition to the memorandum itself, several references to the memorandum in other documents have also been redacted, as well as some brief notes made by the ADA and a summary of an interview with the ADA conducted by the IAB investigator.

## DISCUSSION

### A. Rule 26(b)(3)

The attorney work product doctrine is embodied in part in Rule 26(b)(3) of the Federal Rules of Civil Procedure. In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003). The Rule, which gives qualified protection to work product materials, provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."

---

defendants did not supply such an affidavit and their conclusory statement that King is "inapposite" (Defs.' Ltr. at 1 n.1) is incorrect; nevertheless, in the interests of judicial economy, the Court reviewed the documents *in camera*.

Fed. R. Civ. P. 26(b)(3)(A). Discovery of such information may be obtained, however, if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. Even where a court permits such discovery, the court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The party invoking the doctrine bears the burden of demonstrating that work-product protection applies, and "[t]he burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'" In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d at 384 (quoting United States v. Nixon, 418 U.S. 683, 710 (1974)).

As an initial matter, by its terms, Rule 26(b)(3) applies only to parties to the action and is therefore not applicable here. The Rule requires that the document be prepared "by or for another party or for that party's representative." Fed. R. Civ. P. 26(b)(3). The documents at issue were prepared by an ADA working in the office of the Kings County District Attorney ("the DA"). As plaintiff points out, neither the ADA nor the DA are parties to this lawsuit (Pl.'s Ltr. at 2), a point which the City does not dispute. Thus, Rule 26(b)(3) does not apply. See, e.g., Abdell v. City of New York, No. 05 CV 8453, 2006 WL 2664313, at *3 (S.D.N.Y. Sept. 14, 2006); Ramsey v. NYP Holdings, Inc., No. 00 Civ 3478, 2002 WL 1402055, at *6 (S.D.N.Y. June 27, 2002) (collecting cases). Indeed, courts "'have consistently held'" that when a prosecutor's criminal file is subpoenaed for use in a subsequent civil proceeding, Rule 26(b)(3) provides no protection because the prosecutor is not a party to the civil action. Abdell v. City of New York, 2006 WL 2664313, at *3 (holding that Rule 26(b)(3) "'is unavailable when a prosecutor in a prior criminal

investigation later objects to discovery of her work product by a litigant in a related civil lawsuit'"); accord Wilson v. City of New York, No. 06 CV 229, slip op. at 6 (E.D.N.Y. Jan. 20, 2009); Haus v. City of New York, No. 03 CV 4915, 2006 WL 3375395, at *2 (S.D.N.Y. Nov. 17, 2006).

Although the work product doctrine has been extended to non-parties in certain cases (see discussion infra at 6), plaintiff contends that the Office of Corporation Counsel, which is representing the City and Officer Viera in this case, may not assert work-product protection on behalf of the DA. (Pl.'s Ltr. at 2). In response, the City notes that the Corporation Counsel "is counsel for the [DA] in civil matters," citing several examples, and argues that as a result, it may assert the work product privilege on behalf of the DA. (Id.) While the Corporation Counsel may invoke work product protection for the DA when the DA is a client, the Corporation Counsel must represent the DA *in the instant matter*. Here, it appears that the Office of the Corporation Counsel is in fact raising the work product protection on behalf of its clients, the City and Officer Viera, not the DA. Nowhere in the Corporation Counsel's letter opposing plaintiff's motion does it state that it is representing the DA in this matter. Nor does it state that it represents the DA in *all* civil matters, and in fact, there have been at least several occasions where other district attorneys within the City have not been represented by the Corporation Counsel under similar circumstances. See Howell v. City of New York, No. 06 CV 6347, 2007 WL 2815738, at *2 n.2 (E.D.N.Y. Sept. 25, 2007).[4] Thus, as an initial hurdle, defendants' counsel has not demonstrated that it has standing to invoke work product protection for the documents at issue.

---

[4]The Court further notes that if the Corporation Counsel were actually representing the DA at the same time that it was representing the City and the defendant police officer in this matter, such dual representation might raise significant conflict-of-interest concerns.

5

B. Broader Work Product Doctrine

Even if the defendants could invoke work product protection in this case, they still have failed to carry their burden of establishing that the documents sought to be protected fall within the privilege. As noted, the work product doctrine as developed by federal courts is broader than Rule 26(b)(3). Allied Irish Banks, P.L.C. v. Bank of America, N.A., 252 F.R.D. 163, 173 (S.D.N.Y. 2008); Abdell v. City of New York, 2006 WL 2664313, at *3. Courts have extended to non-parties the work product protection afforded to parties by the Rule where it is necessary to achieve the underlying purposes of the doctrine. See Allied Irish Banks, P.L.C. v. Bank of America, N.A., 252 F.R.D. at 172-74; Abdell v. City of New York, 2006 WL 2664313, at *3-6; see also In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d at 383-87. The purpose of the work product doctrine is to create a "zone of privacy" that allows an attorney to prepare for litigation "free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (citing Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). The doctrine has been justified as preserving the "public policy underlying the orderly prosecution and defense of legal claims." Hickman v. Taylor, 329 U.S. at 510. Courts have recognized three specific purposes justifying application of the doctrine: where disclosure would "(1) alter attorney behavior, (2) reward sloth, or (3) interfere with ongoing litigation." Haus v. City of New York, 2006 WL 3375395, at *3 (citing Abdell v. City of New York, 2006 WL 2664313, at *4).

Here, even if the Office of the Corporation Counsel had properly raised the issue of work product protection on behalf of the DA, it does not appear that the documents in question were

prepared in anticipation of litigation or for trial. See Allied Irish Banks, P.L.C. v. Bank of America, N.A., 252 F.R.D. at 173 (looking to basic requirements of Rule 26(b)(3) in applying work product doctrine to non-party). Plaintiff urges the Court to look to Howell, another civil rights suit involving a similar request to the one before the Court, as persuasive authority. While reserving decision and requesting additional briefing from the parties, the court in Howell tentatively concluded that a document prepared by the Kings County District Attorney's Office when it "declined to prosecute the plaintiff on the charges for which he was arrested by" the defendants was not prepared in anticipation of litigation or for trial. Howell v. City of New York, 2007 WL 2815738, at *1. In fact, the court noted, the document was "made precisely because there would be no litigation or trial." Id.

The City acknowledges that the documents in Howell were not prepared in anticipation of litigation, but claims that here, by contrast, "the redactions were of the ADA's opinions, closing memos and notes made during the pendency of the plaintiff's criminal case prior to its dismissal." (Defs.' Ltr. at 2). An examination of the documents, however, suggests otherwise. The "Closing Memo" (IAB File, at 123) is dated May 29, 2008, which plaintiff alleges is the date on which the criminal charges were dismissed. (Compl. ¶ 30). The header on the memorandum itself includes a line labeled "Disposition" that reads, "Case was dismissed by the people." Thus, on its face, the document appears to have been created *after* the charges were dismissed and therefore not in anticipation of litigation. Despite the conclusory denial by the City to the contrary, no additional information has been provided to suggest that the document was prepared prior to the dismissal in anticipation of litigation.

The remaining redacted documents contain summaries of parts of the closing

memorandum, brief notes containing information that is also included in the closing memorandum, and summaries of two interviews of the ADA conducted by an IAB investigator several months after the closing memorandum had been authored and after the criminal case had been dismissed. Thus, work product protection does not appear to be applicable to the documents at issue because they were not prepared in anticipation of litigation or for trial.

Where documents are not prepared in anticipation of litigation, they not only fall outside the definition of attorney work product contained in Rule 26(b)(3), they also fall outside the scope of documents that are likely to implicate the purposes of the work product doctrine as outlined above. (See supra at 6). The second two evils which the doctrine is intended to prevent, as identified by the court in Haus — rewarding sloth and interference with ongoing litigation — are clearly not implicated here, since the documents at issue are related to separate litigation. The only concern that might be implicated is the alteration of attorney behavior. As described in Adlman, however, this concern reflects a desire to create a "zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation.'" United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. at 510-11). Here, the documents were created *after* the conclusion of litigation, so there is no reason that their release would be likely to chill an ADA's future behavior *during* (or in preparation for) future prosecutions. The "zone of privacy" discussed in Adlman refers to the forward-looking development of legal strategies and does not include preparation of the retrospective closing memorandum at issue here.

The City also argues that the documents at issue should be protected because they contain "core work product" — i.e., an attorney's opinions and mental impressions — and notes the

strong, "near absolute" protection afforded such information. (Defs.' Ltr. at 3) (citing Wilson v. City of New York, No. 06 CV 229, slip op. at 7 (citing cases)). While the documents at issue do contain the type of attorney opinions that are generally categorized as "core work product," the question of whether or not documents contain such information is relevant only where the work product doctrine is held to apply. See Wilson v. City of New York, No. 06 CV 229, slip op. at 7 (noting that "[e]ven where work product protection applies, the protection is not absolute"). That is not the case here for the reasons stated above.

Finally, the City argues that plaintiff cannot make a "highly persuasive showing of need." (Defs.' Ltr. at 3). Again, however, such a showing is required only where work production protection applies.[5]

## CONCLUSION

Accordingly, plaintiff's motion to compel production of the unredacted IAB file is hereby granted. The City is directed to produce copies of the unredacted versions of the subject documents to plaintiff and co-defendant Spencer on or before August 10, 2009.

**SO ORDERED.**

Dated: Brooklyn, New York
July 28, 2009

Cheryl L. Pollak
United States Magistrate Judge

---

[5]Since the Court grants plaintiff's motion on other grounds, there is no need to examine whether the DA waived work product protection when the documents at issue were provided to the IAB.

9